■ FRANCIS C. HAND, Respondent, v KENYON & KENYON, Appellant. [806 NYS2d 205]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 15, 2005, which, to the extent appealed from, denied in part defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting the motion with respect to all claims for funds due from the Construction Technologies, Inc.

litigation but allegedly not recovered by Kenyon, as well as the claims in the amount of $847, $2,297, $1,130 and $1,872, and any requests by plaintiff for a judicial accounting, and otherwise affirmed, without costs.

Our review of the record indicates only three issues in connection with which there are questions of fact to be resolved. The first is whether the partnership agreement(s) provide that a former partner such as respondent Hand is obligated to pay the $7,500 which the firm allocated as his share of the insurance deductible. The claim was made after Hand had withdrawn from the firm, although it apparently arose while he was a member. The record is unclear as to which partners should bear the cost, i.e., those in the firm when the claim arose, or those in the firm when the complaint in the underlying matter was served.

Secondly, there are questions concerning whether expenses were properly allocated to Firm 49. Although the firm's accounting practices strongly suggest that the allocations were proper, the import of the various table and financial statements would be appropriately resolved after an evidentiary hearing.

Finally, there is a question as to whether Hand should have received 2.65% or 2.5% of the CTI receipts.

There is no question, however, as to any other claims by Hand, including his conclusory averments that the firm was entitled to more money from CTI, or that he is entitled to a review of the firm's books. As noted by this Court, Hand was a partner of the firm for 20 years, and subscribed to its methodology (*see Hand v Kenyon & Kenyon,* 227 AD2d 137 [1996]). He has not made the requisite showing that he is entitled as a former partner to inspect the records. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Malone, JJ.